UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS SUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-186 RWS |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to lift the stay and reopen this case. After review of Missouri Case.Net, the Court will grant plaintiff's motion to the lift the stay and reopen to reopen this matter. However, upon initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v.*

*Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## Background

On February 14, 2022, plaintiff filed this civil rights action arising out of events that occurred in Florissant, Missouri on or about February 17, 2021, and February 24, 2021. [ECF No. 1]. Plaintiff's arrest in St. Louis County, Missouri, resulted in a criminal action filed against plaintiff in Missouri State Court: *State v. Suber*, No 21SL-CR04613 (21st Jud. Cir., St. Louis County). At the time plaintiff filed the present action, he was incarcerated in St. Louis County Justice Center and proceeding in forma pauperis, and his complaint was subject to review pursuant to 28 U.S.C. § 1915. The Court completed that review on July 13, 2022. [ECF No. 9].

On initial review of the complaint, the Court dismissed several of the defendants named in the complaint and most of plaintiff's claims. The Court also denied and dismissed plaintiff's motion for discovery and motion for preliminary injunction. However, the Court stayed and administratively closed plaintiff's claims for false arrest and false imprisonment against the following defendants in their individual capacities: Timothy Lowery, Joseph Brockmeier; Dustin Chandler; Tyler Italiano; Steve Beekman; and Anthony Mocca. The stay was instituted pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), pending the outcome of plaintiff's underlying state court case. *See* ECF Nos. 9 and 10.

On July 31, 2023, plaintiff filed a motion to lift the stay and reopen the case, stating that his underlying criminal case had been resolved. [ECF No. 14]. After review of Missouri.Case.Net, the Court will grant plaintiff's motion to lift the stay and reopen this matter. However, plaintiff's action will be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and because of 28 U.S.C. § 1915(e)(2)(B).

### The Complaint

Plaintiff filed this civil rights action on February 14, 2022, seeking damages against defendant police officers at the Florissant Police Department: Timothy Lowery, Joseph Brockmeier; Dustin Chandler; Tyler Italiano; Steve Beekman; and Anthony Mocca. Plaintiff's claims relate to his purported false arrest and false imprisonment from one year earlier, on February 24, 2021. Plaintiff had been involved in a car chase with defendants when he purportedly failed to stop for a lawful traffic stop on February 17, 2021. Rather than stop, plaintiff purportedly resisted the stop and allegedly fled the stop in his vehicle. In the course of fleeing, he purportedly attempted to hit defendant Italiano with his vehicle.

Plaintiff states that on or about February 24, 2021, he was brought to Florissant Jail by defendant Beekman on a warrant, which he refers to as Warrant W53293158, from St. Louis County Jail where he was incarcerated on other charges. Plaintiff fails to indicate exactly how long he was kept at Florissant Jail by defendants during this time, and he fails to mention the charges he was being held on at St. Louis County Jail.

Based on an incident on October 21, 2021, plaintiff had a new warrant out for his arrest that was issued by St. Louis County for domestic assault in the first degree, two counts of armed criminal action, unlawful use of a weapon based on shooting at/from a motor vehicle and unlawful possession of a firearm. It was alleged that plaintiff fired multiple shots at a vehicle driven by his ex-girlfriend as it traveled on Central Parkway. However, plaintiff fled the scene prior to officers

arriving. Plaintiff was taken into custody on a warrant on November 2, 2021, and was held at St. Louis County Justice Center.

There is a formal record of his arrest by defendants on a warrant in *State v. Suber*, No. 21SL-CR03349 (21st Jud. Cir., St. Louis County), on November 3, 2021, for resisting arrest and fleeing (felony), and subsequent guilty plea and conviction for resisting arrest (misdemeanor) on May 26, 2023. Additionally, plaintiff acknowledges that he was arrested at St. Louis County Jail by defendant Beekman on February 24, 2021, on a valid warrant. Nevertheless, plaintiff seeks damages from defendants for false arrest and false imprisonment relating to the February 24, 2021, events at Florissant Jail.

## Criminal Background

To understand the allegations of plaintiff's complaint, some background on plaintiff's criminal history with the Missouri State Courts is necessary.

Independent review on Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff was charged with resisting arrest by fleeing – creating a substantial risk of serious injury/death to a person on July 28, 2021. *State v. Suber*, No. 21SL-CR03349 (21st Jud. Cir., St. Louis County).[1] In an Information filed in the case on March 16, 2022, the State of Missouri, charged plaintiff with a Class E felony. The Information alleged:

> on or about February 17, 2021, in the County of St. Louis, State of Missouri, Detectives Joe Brockmeier and Tyler Italiano along with other Florissant officers, were conducting a lawful stop of Carlos Suber, and the defendant knew or reasonably should have known that the officers were attempting to, make a lawful stop, and, for the purpose of preventing the officers from effecting the lawful stop, resisted the lawful stop of defendant by fleeing from the officers and defendant fled in such a manner that created a substantial risk of serious physical injury or death to Detective Italiano in that defendant drove his fleeing vehicle directly at Det. Italiano who had to leap to safety to avoid the collision.

---

[1] The criminal Complaint and warrant were filed in the Missouri State Court action on July 28, 2021. *State v. Suber,* No. 21SL-CR03349 (21st Jud. Cir., St. Louis County). According to Case.Net, plaintiff was formally arrested on the charge on November 3, 2021.

*State v. Suber*, No. 21SL-CR03349-01 (21st Jud. Cir., St. Louis County). Plaintiff was released on bond on July 15, 2022, according to Missouri.Case.Net.

An Amended Information was filed on May 11, 2023, charging plaintiff with misdemeanor resisting/interfering with an arrest, detention or stop. The Amended Information alleged that plaintiff:

> In violation of Section 575.150, RSMo, committed the class A misdemeanor of resisting a lawful stop, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about February 17, 2021, in the County of St. Louis, Missouri, Detectives Joe Brockmeier and Tyler Italiano, along with other Florissant officers, were conducting a lawful stop of Carlos Suber, and the defendant knew or reasonable should have known that the officers were attempting to make a lawful stop, and for the purpose of preventing the officers from effecting the lawful stop, resisted the lawful stop of defendant by fleeing from the officers and defendant fled in such a manner that created a substantial risk of serious physical injury or death to Detective Italiano that defendant drove his fleeing vehicle direct at Det. Italiano who had to leap to safety to avoid the collision.

On May 26, 2023, plaintiff pled guilty to misdemeanor resisting arrest and was sentenced to thirty (30) days in jail. *Id.*

On October 22, 2021, a criminal Complaint was filed against plaintiff charging him with domestic assault in the first degree, two counts of armed criminal action, unlawful use of a weapon and unlawful possession of a firearm. *State v. Suber*, No 21SL-CR03349 (21st Jud. Cir., St. Louis County). A grand jury Indictment was filed on November 17, 2021, charging plaintiff with the same five charges. The Indictment alleged:

> On or about October 21, 2021…[plaintiff] shot at C.B., and such conduct was a substantial step toward the commission of the crime of attempting to kill or cause serious physical injury to C.B. and was done for the purpose of committing such assault, and C.B. and the defendant were family or household members in that C.B. and the defendant were adults who had been in a continuing social relationship of a romantic or intimate nature.
> …
> [plaintiff]committed the foregoing felony of Domestic Assault in the fist degree by, with and through, the knowing use, assistance and aid of a deadly weapon.
> …

> on or about October 21, 2021…[plaintiff], knowingly shot a firearm at a 2017 Mercedes G25
>
> …
>
> [plaintiff] committed the foregoing felony of Unlawful Use of a Weapon by, with and through, the knowing use, assistance, and aid of a deadly weapon.
>
> …
>
> on or about October 21, 2021…the [plaintiff] knowingly possessed a 9-millimeter handgun, a firearm, and on January 14, 2010, the [plaintiff] was convicted of the felony of Assault in the first degree in the Circuit Court of St. Louis County, Missouri.

*State v. Suber*, No. 21SL-CR03349-01 (21st Jud. Cir., St. Louis County). Plaintiff waived his right to counsel in his criminal proceeding, however on or about May 26, 2022, new counsel for plaintiff entered her appearance.

As there is no longer a record of this action on Missouri.Case.Net, it appears that it has been dismissed by the St. Louis County Prosecutor's Office.

**Discussion**

As noted *supra*, plaintiff filed a civil rights action against defendants for a plethora of claims on February 14, 2022. At the time plaintiff filed the present action, he was incarcerated in St. Louis County Justice Center and proceeding in forma pauperis, and his complaint was subject to review pursuant to 28 U.S.C. § 1915. The Court completed that review on July 13, 2022, ECF No. 9, and upon the initial review, dismissed several of the claims and defendants in this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Because plaintiff's criminal action in *State v. Suber*, No. 21SL-CR03349 (21st Jud. Cir., St. Louis County), was still pending, the Court stayed and administratively closed the case as to plaintiff's claims for false arrest and false imprisonment against defendants Lowery, Brockmeier, Italiano, Beekman, and Mocca pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007). Plaintiff was advised that he could move to reopen the present matter after the culmination of all appellate and post-conviction proceedings in his criminal action. Plaintiff filed a motion to reopen the present matter on July 31, 2023, asserting that his Missouri State Court criminal action had culminated on his date of sentencing, May 26,

2023. The Court notes that review of Missouri.Case.Net shows that plaintiff has neither filed an appeal of his sentence nor yet a motion to vacate his sentence.[2]

Plaintiff seeks monetary relief in this action. An offender may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Plaintiff's § 1983 unreasonable seizure claim premised on false arrest and false imprisonment must be dismissed pursuant to *Heck*, 512 U.S. at 486-87. Under *Heck* and its progeny, "in order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal." *Schaffer v. Beringer*, 842 F.3d 585, 594 (8th Cir. 2016) (citation and quotations omitted). Plaintiff's allegations of false arrest and false imprisonment arise out of his insistence that he was brought from St. Louis County Jail to Florissant Jail on February 24, 2021, unlawfully. However, he admits that defendant Beekman was in possession of a lawful warrant, Warrant W53293158, when he came to get him at St. Louis County Jail. Moreover, there is no indication that defendants were acting without probable cause to arrest plaintiff on or about February 24, 2021, for felony resisting arrest. Thus, even if plaintiff's claims were not *Heck*-barred, they would still be subject to dismissal because defendants had probable cause to detain plaintiff and subsequently arrest him. *See Anderson v. Franklin County*,

---

[2] When this Court implemented the *Wallace* stay, plaintiff was specifically told that the matter was stayed pending "final disposition of the criminal proceedings, including appellate and post-conviction proceedings, against plaintiff in his case of *State v. Suber*, No. 21SL-CR03349 (21st Jud. Cir., St. Louis County)." Plaintiff's time for filing an appeal of his conviction and sentence has run, but he still has time to file a post-conviction motion to vacate his sentence if he wishes to do so.

192 F.3d 1125, 1131 (8th Cir.1999) (false arrest claim under § 1983 does not lie where officer had probable cause to make arrest).

In Missouri, the government is required to prove the following elements to support a conviction for resisting a lawful stop under section 575.150.1(1): "(1) defendant knew or reasonably should have known that a law enforcement officer was making a lawful stop; (2) defendant resisted that stop by fleeing from the officer, or by threatening to use violence or physical force; and (3) defendant did so for the purpose of preventing the officer from completing the stop." *State v. Nelson*, 505 S.W.3d 437, 445 (Mo. App. W.D. 2016) (citing *State v. Jones*, 479 S.W.3d 100, 109 (Mo. banc 2016)).[3]

A probable cause statement was filed by defendant Brockmeier, in *State v. Suber*, No. 21SL-CR03349 (21st Jud. Cir., St. Louis County), on July 30, 2021. The statement is dated February 25, 2021, and it states, in pertinent part:

> I have probable cause to believe that on February 17, 2021, at [ ] near the intersection of Hume Lane and Patterson Rd, in Florissant, MO, Carlos Suber, Black, Male, DOB…, 5'11'', 170 lbs, committed one or more criminal offense(s).
>
> Count: 01 Resisting Arrest/Detention/Stop by Fleeing- Creating a Substantial Risk of Serious Injury/Death to any Person
>
> The facts supporting this belief are as follows:
>
> On Wednesday, February 17, 2021, during the daylight hours, myself and multiple other law enforcement officers from the Florissant Police Department were following up on a report from the U.S. Postal Service regarding suspicious packages arriving at the address: 2420 Mullanphy in Florissant, MO. Law enforcement observed the suspect package be delivered to the address and thereafter retrieved into the home. Shortly thereafter, suspect later to be identified as Carlos Suber, left the resident and entered a dark colored Volkswagen Jetta. It was at this time, officers initiated the lights on their unmarked vehicles, exited their vehicles while dressed in tactical gear with "POLICE" readily marked in large white lettering across their chests. Officers approached the vehicle and ordered the driver, Carlos Suber, to stop and show his hands. Suspect Suber put the car in gear

---

[3]Missouri Revised Statute § 575.150.1(1), "applies to ... stops, or detentions, with or without warrants." Clearly, then, the statute applies to the type of stops or detentions contemplated by *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

and drove away. Near the intersection of Humes Lane and Patterson Rd, Detective Italiano was on a traffic island ready to deploy spike strips. It was at this time, suspect Suber drove his vehicle directly at Detective Italiano, suspect Suber's vehicle left the roadway and traveled over the island as Detective Italiano had to jump out of the way to avoid being struck by the vehicle.

(a) I believe that the defendant will not appear in court in response to a criminal summons because the defendant is currently a resident of the State of Georgia. Defendant Suber is under the supervision of GA board of probation and parole on an interstate compact with the State of Missouri. The State of Georgia is currently pursuing a parole hold for the underlying events that gave rise to the February 17th incident as well as Mr. Suber's ultimate arrest wherein he was found to be in a vehicle with multiple firearms. Also, GA probation and parole confirmed Mr. Suber did not have permission to leave the state and travel to Missouri.

(b) I believe that the defendant poses a threat to the community as he has convictions for two A felons of Assault in the first degree and one B felony Assault in the first degree under case number 09SL-CR04157-01. Suspect Suber is known to be violent and has been a viable suspect in a double homicide.

Though plaintiff alleges that he was unlawfully detained, officers had probable cause to detain and arrest him pursuant to, not only an active warrant for a probation violation because he unlawfully traveled out of Georgia, but also because he attempted to hit or run over defendant Italiano who was in the island of the intersection of Humes Lane and Patterson Road in Florissant, Missouri, waiting to deploy spike strips to stop plaintiff from fleeing. *See* Mo.Rev.Stat. § 575.150.1(1). Following his arrest for fleeing, plaintiff pled guilty to misdemeanor resisting arrest, a reduced plea from the felony resisting arrest, in violation of § 575.150.1(1), *and by doing so he admitted that the events of February 17, 2021, were true.* For these reasons, plaintiff is unable to argue that defendants acted without probable cause in detaining him for questioning on February 24, 2021. *See Awnings v. Fullerton*, 912 F.3d 1089, 1099-1100 (8th Cir. 2019).

Plaintiff has admitted that defendant Beekman had a valid warrant when he came to take him to Florissant Jail on February 24, 2021. Although he does not indicate that he was placed under arrest at that time, nor does he indicate how long he was kept by defendants, he admits that

he was already under another valid warrant for custody in St. Louis County Jail at the same time. Thus, the Court cannot say that plaintiff was unlawfully held by defendants during this time.

To succeed on his § 1983 false arrest and false imprisonment claims, plaintiff would have to show that his state conviction for fleeing/resisting arrest was rendered invalid and/or that defendants lacked probable cause to detain him. *Anderson v. Franklin Cty., Mo.*, 192 F.3d 1125, 1131–32 (8th Cir. 1999) (affirming dismissal of § 1983 false arrest and false imprisonment claims where state conviction and sentence had not been rendered invalid). Because he has made no such showing, his claims are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to lift the stay and reopen this matter [ECF No. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  8th  day of September, 2023.

                                                                        RODNEY W. SIPPEL
                                                                        UNITED STATES DISTRICT JUDGE